PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PRINCE CHARLES COTTEN, SR., ) | |
| ) | CASE NO. 3:13CV1760 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| NEIL TURNER, Warden, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Respondent. ) | **AND ORDER** |

*Pro se* Petitioner Prince Charles Cotten, Sr. filed the above captioned Petition for Conditional Writ of Mandamus under 28 U.S.C. § 1361. In the Petition (ECF No. 1), Cotten seeks an order compelling his immediate release from state incarceration unless the Warden, Respondent Neil Turner, can produce a valid, certified sentencing judgment entry, which complies with Ohio Rev. Code §§ 2929.06, 2505.02, and *State v. Baker*, 119 Ohio St.3d 197 (2008). For the reasons that follow, this action is dismissed.

## I. Background

In 1976, a three-judge panel of the Richland County, Ohio Court of Common Pleas convicted Cotten of aggravated murder, felonious assault, and forgery. Cotten was originally sentenced to death on the murder charge. After the Ohio Court of Appeals affirmed Cotten's convictions on direct appeal, *State v. Cotten*, No. CA 1611, 1977 WL 200852 (Ohio App. 5th Dist. Oct. 26, 1977), the Supreme Court declared Ohio's death penalty scheme unconstitutional,

(3:13CV1760)

see Bell v. Ohio, 438 U.S. 637 (1978) and Lockett v. Ohio, 438 U.S. 586 (1978), and Cotten's death sentence was commuted to life imprisonment.  See State v. Cotten, 56 Ohio St.2d 8 (1978). Thereafter, Cotten filed an initial petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio, which that court denied on the merits in 1985.  Cotten v. Marshall, No. 85-3925, 1986 WL 16893, at *1 (6th Cir. Apr. 17, 1986).  The Court of Appeals for the Sixth Circuit affirmed the judgment of the district court.  Id. at *3.

On July 6, 2000, Cotten filed in this Court a second habeas corpus petition under § 2254 in which he argued he was denied his constitutional rights in a state parole decision.  Cotten v. Mack, No. 1:00CV1680 (N.D. Ohio filed July 6, 2000) (Nugent, J.).  The Court dismissed the petition as meritless, and the Sixth Circuit denied Cotten a certificate of appealability from a subsequent Order of the district court denying Cotten's Fed. R. Civ. P. 60(b) motion.  Cotten v. Mack, No. 01-3014 (6th Cir. Feb. 25, 2002).

Cotten filed a third federal habeas corpus petition under § 2254 in November 2005, claiming his sentence was void and he was entitled to immediate release.  Cotten v. Houk, No. 1:05CV2560 (N.D. Ohio filed Nov. 1, 2005).  In January 2006, the Court found the petition to be a second or successive petition under 28 U.S.C. § 2244(b)(3) and transferred the action to the Sixth Circuit for consideration pursuant to In re Sims, 111 F.3d 45 (6th Cir. 1997).  Cotten v. Houk, No. 1:05CV2560 (N.D. Ohio Jan. 20, 2006) (ECF No. 5) (Economus, J.).  Thereafter, the

(3:13CV1760)

Sixth Circuit denied Cotten's application to file his third habeas petition in the district court. *In re Prince Charles Cotten, Sr.*, No. 06-3149 (6th Cir. Sept. 27, 2006).

Cotten subsequently sought permission from the Sixth Circuit to file a fourth habeas petition in the district court, and again, his application was denied. *See In re Prince Charles Cotten, Sr.*, No. 06-4443 (6th Cir. Apr. 19, 2007). He then, in 2008, filed a request to file a fifth § 2254 petition, arguing in part that no new sentencing judgment had been entered after the commutation of his death sentence to life imprisonment. The Sixth Circuit denied Cotten's request, finding Cotten's "sentencing judgment claim was raised in a previous petition and [was] barred by § 2244(b)(1)." *In re Prince Charles Cotten, Sr.*, No. 08-3503, slip op. at 2 (6th Cir. Jan. 21, 2009).

Then, in May 2013, Cotten filed a sixth § 2254 petition in this Court, seeking his immediate release from prison unless the Warden can produce a "Certified Commuted Entry by the Ohio State Supreme Court" that complied with Ohio Rev. Code § 2929.06. *Cotten v. Turner*, No. 3:13CV1067 (N.D. Ohio filed May 9, 2013), ECF No. 1 at PageID #: 2. In July 2013, the Court granted the Respondent's motion to transfer the matter to the Sixth Circuit for a determination pursuant to *In re Sims, supra*. *Cotten v. Turner*, No. 3:13CV1067 (N.D. Ohio July 16, 2013) (ECF No. 9) (Katz, J.). Cotten's application to file his sixth federal habeas petition remains pending before the Sixth Circuit. *In re Charles Cotten, Sr.*, No. 13-3860 (6th Cir. filed July 23, 2013).

3

(3:13CV1760)

Cotten filed the present action on August 12, 2013, captioning his pleading a, "Conditional Writ of 'Mandamus'." (ECF No. 1). The Petition in this action is virtually identical to Cotten's sixth § 2254 petition filed in Case No. 3:13CV1067, excepting that Cotten has substituted the word "Mandamus" in place of "Writ of Habeas Corpus." Otherwise, both pleadings seek the very same relief, *i.e.*, Cotten's immediate release from prison unless Respondent can produce a "Certified Sentencing Entry" from the state trial court issued pursuant to Ohio Rev. Code § 2929.06[1] and in the form prescribed by the Ohio Supreme Court in *Baker, 119 Ohio St.3d at 198-99*.[2]

## II. Standard of Review

---

[1] Section 2929.06(A) provides, in relevant part:

> If a sentence of death imposed upon an offender is set aside, nullified, or vacated because the court of appeals, in a case in which a sentence of death was imposed for an offense committed before January 1, 1995, or the supreme court, in cases in which the supreme court reviews the sentence upon appeal, could not affirm the sentence of death under the standards imposed by section 2929.05 of the Revised Code, is set aside, nullified, or vacated for the sole reason that the statutory procedure for imposing the sentence of death that is set forth in sections 2929.03 and 2929.04 of the Revised Code is unconstitutional, is set aside, nullified, or vacated pursuant to division (C) of section 2929.05 of the Revised Code, . . . the trial court that sentenced the offender shall conduct a hearing to resentence the offender.

[2] In *Baker*, the Ohio Supreme Court held that "[a] judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." 119 Ohio St. 3d at 197, syllabus.

4

(3:13CV1760)

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* Onapolis v. Lamanna, 70 F. Supp.2d 809, 814 (N.D. Ohio 1999) (if a prisoner's civil rights complaint fails to pass muster under screening process of Prison Litigation Reform Act ("PLRA"), district court should *sua sponte* dismiss the complaint); Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb.1, 2000). The Court is required to read Petitioner's *pro se* pleading liberally, *see* Haines v. Kerner, 404 U.S. 519, 520 (1972), accepting his allegations as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Applying these standards, Petitioner's action will be dismissed as frivolous.

### III. Law and Analysis

Petitioner essentially challenges his incarceration by the State of Ohio. Title 28 U.S.C. § 1361 confers jurisdiction only over mandamus actions to compel action by federal, not state, officials or employees.[3] Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984); Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970). To obtain relief

---

[3] Section 1361 provides the district court with mandamus jurisdiction "to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." (emphasis added).

(3:13CV1760)

under § 1361, an individual must establish that he has a clear right to relief and that a *federal* employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990). It is not appropriate for a federal court to order Ohio prison officials to conform their conduct to state law. *See Walker v. Mintzes*, 771 F.2d 920, 934 (6th Cir. 1985). Here, Petitioner seeks to compel the Warden, a state official, to present a sentencing judgment entry that conforms to Ohio law. Therefore, the Court may not maintain jurisdiction over Petitioner's action pursuant to § 1361.

Additionally, a "[writ of] mandamus does not supersede other remedies," and may not properly issue unless the Petitioner has "no other adequate remedy available." *Wilson v. Robl*, No. 1:07-CV-00046, 2007 WL 2746665, at *5 (W.D. Ky. Sept. 19, 2007) (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969). *See also Cochrane v. Municipal Ct. of City of Barberton, Summit Cnty.*, 91 F. App'x 365, 366 (6th Cir. 2003) (district court properly dismissed citizen's civil rights claim for writ of mandamus in which citizen sought to compel state court to render decisions on citizen's post-conviction motions in citizen's littering conviction). Here, Petitioner's challenge to the fact or duration of his confinement pursuant to the judgment of a state court can only be brought as a petition for habeas corpus relief under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). As discussed, Petitioner has twice filed federal habeas petitions,

6

(3:13CV1760)

which were denied on the merits, and, on three occasions, the Sixth Circuit has denied Petitioner's applications to file a successive petition. Moreover, the present mandamus Petition is identical in all material respects to the habeas petition filed by Petitioner in this Court in May of this year. Petitioner may not file another successive application under 28 U.S.C. § 2254 without leave from the Sixth Circuit. 28 U.S.C. § 2244(b)(3). Such an application has already been filed with regard to the issues raised in the instant Petition. *See In re Charles Cotten, Sr.*, No. 13-3860 (6th Cir. filed July 23, 2013). Petitioner may not circumvent that process by recasting his habeas petition as a mandamus action.

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Because Petitioner's request for a writ of mandamus lacks an arguable basis in law, it will be dismissed with prejudice as frivolous. *See Seyka v. Corrigan*, 46 F. App'x 260, 261 (6th Cir. 2002) (dismissing as meritless prisoner's request for mandamus relief in civil rights case); *Toptsidis v. Ohio*, No. 97-3283, 1997 WL 778106, at *1 (6th Cir. Dec. 11, 1997) (affirming dismissal of mandamus action challenging state conviction); *Sparks v. Doe*, No. 85-3463, 1985 WL 14132, at *1 (6th Cir. Dec. 13, 1985) (affirming district court's dismissal of state prisoner's mandamus action as frivolous); *Haggard*, 421 F.2d at 1386 (affirming dismissal of mandamus action because "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties"); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (same).

(3:13CV1760)

### IV. Conclusion

For all of the foregoing reasons, this action must be and is hereby dismissed with prejudice pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

    IT IS SO ORDERED.

| | |
|---|---|
| November 27, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

8